UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRIAN KEITH WRIGHT,

Plaintiff,

v.

CHRISTOPHER McPEAK, et al.,

Defendants.

Case No. 2:22-cv-01406-RFB-EJY

**Report and Recommendation**
Re: EFC Nos. 1-1, 8

## I.    BACKGROUND

Pending before the Court is Plaintiff's Civil Rights Complaint.  ECF No. 1-1.  No application to proceed *in forma pauperis* was filed.[1]  The filing fee for commencing a civil action was not paid.  However, because all but one of Plaintiff's claims is asserted against immune Defendants, the Court recommends dismissing this case with leave to amend only one claim.  The Court further recommends denying as moot Plaintiff's pending Motion Requesting District Court to Adhere to F.R.A.P. and Notice of Denial of Access to the Court.  ECF No. 8.

## II.    DISCUSSION

To the extent Plaintiff challenges the actions of or requests relief based on alleged wrongdoing by District Judges or the Clerk of Court for the District of Nevada, he cannot attain relief.  "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts."  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  "Judicial immunity applies however erroneous the judicial acts may have been, and however injurious in their consequences they may have proved to the plaintiff."  *Id.*  Therefore, Plaintiff's claims against the District Judges sitting in District of Nevada must be dismissed.  Similarly, any relief sought from the Clerk of Court for the District of Nevada is also barred.  "[Clerks of Court] have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that an integral part of the judicial process."  *Mullis v. U.S. Bankruptcy Court for the Dist. Of Nevada*, 828 F.2d 1385, 1390 (9th Cir.

---

[1]    Because no *in forma pauperis* application was filed, screening under 28 U.S.C. § 1915A is not required.

1

1987).  A review of Plaintiff's claims against the Clerk of Court demonstrate they fail as a matter of law.

With respect to Plaintiff's claims against Assistant U.S. Attorneys Ahmed, Frayn, Michael, and Silva,[2] these claims also fail.  *Kalina v. Fletcher*, 522 U.S. 118, 123-24 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts.").  With respect to court-appointed counsel Telia Williams and attorney Alyssa Bell, who the Court believes is either retained or court-appointed, neither is subject to suit under 42 U.S.C. § 1983.  *Polk County v. Dodson*, 454 U.S. 312, 319-22 (1981).  To the extent Ms. Bell may be retained through the Federal Public Defender she is also immune because she is part of the federal judiciary and entitled to sovereign immunity which has not been waived.  *Ellsworth v. Wallace*, Case No. 05-cv-524-JHP-PJC, 2005 WL 2978926, at *4 (N.D. Okla. Nov. 7, 2005).  Thus, Plaintiff's claims against Ms. Ahmed, Ms. Michael, Ms. Silva, Ms. Williams, and Ms. Bell fail as a matter of law and should be dismissed with prejudice.

Plaintiff's claims against U.S. Probation Officer Shawn Mummy appear to allege a Fourth Amendment violation arising from a warrant to search Plaintiff's residence based on information regarding Plaintiff's supposed violations of supervised release.  ECF No. 1-1 at 7-8.  However, immunity extends to all persons whose functions are closely associated with the judicial process.  *See e.g.*, *Burns v. Reed*, 500 U.S. 478, 492 (1991); *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1985) (absolute immunity for probation officers acting in a role closely associated with the judicial process).  Thus, Plaintiff's claims against Probation Officer Mummy fail as a matter of law and should be dismissed with prejudice.

Finally, Plaintiff's Fourth Amendment claim against F.B.I. Special Agent Christopher McPeak (sometimes "McPeak") must be brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiff asserts lack of reasonable suspicion on the part of McPeak when he executed a search warrant on a residence affiliated with Plaintiff.  ECF No. 1-1 at

---

[2]    Plaintiff appears to bring a claim against now District Judge Christina Silva.  Judge Silva was an Assistant U.S. Attorney before joining the bench.

8.  Plaintiff also states that owing to his purported violation of supervised release, McPeak arrested Plaintiff based on allegations in an arrest warrant that were either not proven or fabricated by McPeak and Mummy.  *Id.*

A complaint "sufficiently sets forth the elements of a *Bivens* claim by alleging a violation of ... constitutional rights by agents acting under the color of federal law."  *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003).  In *Bivens*, the Supreme Court recognized that an implied private cause of action arises when law enforcement officials violate a plaintiff's Fourth Amendment right by executing a warrantless search of a plaintiff's home.  *Bivens*, 403 U.S. at 391.  Since the *Bivens* decision, the Supreme Court has consistently refused to expand the scope of *Bivens* and the type of fact patterns that could create such implied private causes of action.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (holding that the judicial extension of implied causes of action under *Bivens* is disfavored).

The Supreme Court has specified a test for cases in which the allegations do not align with the fact pattern in *Bivens*: "If the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new … .  A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider."  *Ziglar v. Abbasi*, -- U.S. --, 137 S. Ct. 1843, 1859-60 (2017).  If there is a case whose facts diverge from *Bivens* in a meaningful way, then a two-prong test is used to determine if the plaintiff may bring an action against the federal official under a *Bivens* extension.  *Mirmehdi v. U.S.*, 689 F.3d 975, 982 (9th Cir. 2012).  First, is there an alternative process that can be used to protect the plaintiff's interests?  If yes, then the inquiry stops; if no, proceed to the next question.  *Id.*  Second, are there reasons to hesitate in allowing such a claim to proceed?  *Id.*

The Court finds that even if Plaintiff has potential *Bivens* claims against Special Agent McPeak, he has not pleaded facts sufficient under Federal Rule of Civil Procedure 8 to state such

claims.  While Rule 8 does not require detailed factual allegations, the Rule demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Iqbal*, 556 U.S. at 678 (citation omitted).  "Factual allegations must be enough to raise a right of relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, to state a claim that can survive a motion to dismiss, the complaint must allege sufficient facts to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation omitted).  A complaint may also be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

Here, Plaintiff makes various conclusory statements concerning the circumstances leading to his arrest based on a violation of supervised release.  The statements, however, are in part indecipherable and, in any event, conclusory.  Conclusory allegations are insufficient to state a recognized *Bivens* claim let alone whether the facts diverge from *Bivens* in a meaningful way, which therefore deserves analysis under *Ziglar*.  *Twombly*, 550 U.S. at 565, n. 10.  For this reason, the Court recommends Plaintiff's claim against Special Agent McPeak be dismissed without prejudice with leave to amend.

## III.    RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's claims against Defendants Judges Dorsey, Gordon, and Ferenbach; the Clerk of Court for the District of Nevada; Assistant U.S. Attorneys Ahmed, Frayn, Michael, and Silva; attorneys Telia Williams and Alyssa Bell; and U.S. Probation Officer Shawn Mummy be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's claim against Special Agent Christopher McPeak be dismissed without prejudice, with leave to amend.

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to file an amended complaint, he must do so by or before **November 30, 2022**.  The amended complaint must be titled "FIRST AMENDED COMPLAINT" and must allege sufficient facts regarding claims against Special Agent McPeak to state a *Bivens* claim or to identify why this action should proceed based on special factors previous *Bivens* cases have not considered.  Plaintiff is advised that the amended complaint must be

complete in and of itself.  Plaintiff must identify all defendants and allege all facts and all causes he asks the Court to review.

IT IS FURTHER RECOMMENDED that at the same time Plaintiff files an amended complaint, Plaintiff **must** file either a complete *in forma pauperis* application on the Court's approved form or pay the $402 filing fee.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to file a complete *in forma pauperis* application or pay the filing fee and/or a first amended complaint by or before **November 30, 2022**, the Court issue an Order to Show Cause why this matter should not be dismissed.

IT IS FURTHER RECOMMEDED that the Clerk of the Court send Plaintiff the approved form application to proceed *in forma pauperis* by an inmate, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion Requesting District Court to Adhere to F.R.A.P. and Notice of Denial of Access to the Court (ECF No. 8) be DENIED.

Dated this 26th day of October, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).