UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRIAN KEITH WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER McPEAK, et al.,<br><br>Defendants. | Case No. 2:22-cv-01406-RFB-EJY<br><br>**REPORT AND RECOMMENDATION**<br>ECF No. 10 |

**I.   BACKGROUND**

Pending before the Court is Plaintiff's First Amended Complaint (the "FAC"). ECF No. 10. No application to proceed *in forma pauperis* was filed despite the Court's Order requiring Plaintiff to do so no later than November 30, 2022. ECF No. 9. However, rather than recommend dismissal of this matter for this reason alone, the Court screens the FAC to determine if Plaintiff states a claim that may proceed.

**II.   DISCUSSION**

Plaintiff's FAC asserts claims under the Fourth and Eighth Amendments against Colin Congo and Christopher McPeak, two Special Agents of the Federal Bureau of Investigation (the "FBI"). ECF No. 10 at 4. Plaintiff alleges that while Special Agent McPeak placed Plaintiff in handcuffs while arresting him, Special Agent Congo took his personal property including eight rings and a designer belt and placed them into a plastic bag. *Id.* at 6. Plaintiff contends this was the last time he saw his property, which the government says is not in its possession either. *Id.* Plaintiff avers he filed a motion in his criminal case under Fed. R. Crim. P. 41 for the return of his property or to ascertain the status of the property. *Id.* Plaintiff contends Defendants failed to document the chain of custody for his personal property and failed to follow proper law enforcement protocol in violation of his constitutional rights. *Id.* Plaintiff requests $2,038,000 in damages. *Id.* at 7.

Plaintiff's Fourth Amendment claim must be brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A complaint "sufficiently sets forth the

1

1   elements of a *Bivens* claim by alleging a violation of ... constitutional rights by agents acting under
2   the color of federal law." *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003).  In *Bivens*, the
3   Supreme Court recognized an implied private cause of action arises when law enforcement officials
4   violate a plaintiff's Fourth Amendment right by executing a warrantless search of a plaintiff's home.
5   *Bivens*, 403 U.S. at 391.  Since the *Bivens* decision, the Supreme Court has consistently refused to
6   expand the scope of *Bivens* and the type of fact patterns that could create such implied private causes
7   of action.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (holding that the judicial extension of
8   implied causes of action under *Bivens* is disfavored).

9   The Supreme Court has specified a test for cases in which the allegations do not align with the
10  fact pattern in *Bivens*:

> If the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new ….  A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

16  *Ziglar v. Abbasi*, -- U.S. --, 137 S. Ct. 1843, 1859-60 (2017).  When a case diverges from *Bivens* in
17  a meaningful way, a two-prong test is used to determine if the plaintiff may bring an action against
18  the federal official under a *Bivens* extension.  *Mirmehdi v. U.S.*, 689 F.3d 975, 982 (9th Cir. 2012).
19  First, the Court must determine if there is an alternative process that can be used to protect the
20  plaintiff's interests.  *Id.* (citation omitted).  If the answer to the first question is yes, then the inquiry
21  stops.  *Id.*  If there is no alternative process, the Court considers whether there are reasons to hesitate
22  in allowing such a claim to proceed.  *Id.* (citation omitted).

23  Here, unfortunately, even assuming Plaintiff has a potential *Bivens* claim, his claim fails
24  because he has not pleaded sufficient facts under Federal Rule of Civil Procedure 8 to state such a
25  claim.  While Rule 8 does not require detailed factual allegations, the Rule demands more than "labels
26  and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at
27  678 (citation omitted).  "Factual allegations must be enough to raise a right of relief above the
28  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, to state a claim

that can survive a motion to dismiss, the complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted). A complaint may also be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

Plaintiff alleges that his personal property was either recklessly or negligently misplaced by Defendants at some point after he was arrested at a residence, which may or may not be Plaintiff's residence. ECF No. 10 at 6. The removal of property may constitute a "seizure" for purposes of the Fourth Amendment's prohibition against unreasonable seizures. *Cannon v. Bowman*, Case No. CV 17-01202 TJH (AFM), 2017 WL 11422185, at *3 (C.D. Cal. Aug. 11, 2017), *citing Lavan v. City of Los Angeles*, 693 F.3d 1022, 1027 (9th Cir. 2012). However, to state a claim of unreasonable seizure of personal property under the Fourth Amendment Plaintiff must state a particularized legal and factual basis of the constitutional violation alleged and its purported perpetrators. *Id.* Conclusory allegations made in a complaint that an unreasonable seizure occurred at the hands of federal agents are not enough to satisfy the burden on Plaintiff of alleging the proper bases for Defendants to adequately respond. *Id.*

In this case, accusations that "it was improper" for Special Agents Congo and McPeak to leave his personal property "at the residence" are not enough under Rule 8 to state a cognizable claim that an unreasonable seizure was committed by Defendants. ECF No. 10 at 6. Similarly, Plaintiff's open question of why Defendants did not "follow protocol and just take plaintiff to jail and allow the jail to book the personal items" does not state factual allegations that Defendants violated Plaintiff's constitutional rights to be free from unreasonable seizures. *Id.* Thus, Plaintiff's pleading fails to allege facts necessary to state a Fourth Amendment claim.

Because Plaintiff's allegations are insufficient to state a claim, but does not necessarily demonstrate futility, the Court allows Plaintiff one additional opportunity to amend his complaint to state a cognizable claim under the Fourth Amendment.

With respect to Plaintiff's Eighth Amendment claims, these arise only in relation to persons who are convicted and sentenced by a court. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), *citing Graham v. Connor*, 490 U.S. 386, 393, n.6 (1989). Pretrial detainees do not qualify as

convicted prisoners and thus have no protection under the Eighth Amendment. *Id.* (citation omitted). Instead, the violation of rights Plaintiff appears to assert against Defendants would arise under the Fifth Amendment's Due Process clause. As a pretrial detainee in the custody of the federal government, the analysis of any claim under the Due Process Clause under the Fifth Amendment centers on (1) whether there was an unauthorized deprivation of Plaintiff's property at the hands of Defendants and, (2) if so, whether there are post-deprivation remedies available to Plaintiff. *Raditch v. U.S.*, 929 F.2d 478, 480-81 (9th Cir. 1991), *citing Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Panschow v. Murillo*, Case No. 5:19-cv-02446-DSF-AFM, 2020 WL 292182, at *2 (C.D. Cal. Jan. 17, 2020) (holding that since the plaintiff, as a federal prisoner, had an adequate post-deprivation remedy in the form of the Bureau of Prison's administrative remedy program, he had no cognizable claim under the Fifth Amendment's Due Process Clause).[1]

Here, the Court liberally construes Plaintiff's allegations that Defendants either recklessly or negligently misplaced his property as satisfying the first prong of the analysis under *Hudson*. However, Plaintiff does not satisfy the second prong of the analysis because the Federal Tort Claims Act ("FTCA")[2] "provides a post-deprivation judicial remedy to persons who believe they were deprived of property at the hands of a federal government official." *Gedeon v. Attorney General*, Case No. 22-cv-3595, 2022 WL 7570749, at *6 (E.D. Pa. Oct. 12, 2022); *Akervik v. Ray*, 24 Fed.Appx. 865, 869 (10th Cir. 2001) (holding that the FTCA is an adequate post-deprivation judicial remedy). Plaintiff had the opportunity to commence an action against the FBI following the alleged deprivation of his property through the FTCA; however, there is no indication that Plaintiff did so. The Court further notes that Plaintiff twice sought relief under Fed. R. Crim. P. 41(g) during his criminal proceeding.[3] Clearly, Plaintiff had the opportunity to exercise the rights conferred upon him

---

[1] Courts within the Ninth Circuit have applied the principles from *Hudson* and its progeny to pretrial detainees such as Plaintiff. *Henderson v. San Joaquin County Sheriff's Dep't.*, Case No. CIV S–07–0174 FCD EFB P, 2007 WL 2947500, at *2 (E.D. Cal. Oct. 9, 2007) (applying same standard regarding deprivation of property claim by prisoners to pretrial detainees and dismissing the instant complaint with leave to amend); *Haraszewski v. Brannan*, Case No. 10cv0546 LAB (PCL), 2011 WL 4570557, at *5 (S.D. Cal. Aug. 11, 2011) (holding that pretrial detainee "may use state tort and common-law remedies to redress" destruction of personal property in prison cell by prison officials and granting motion to dismiss due process claim), *accepted by* 2011 WL 4569075 (S.D. Cal. Sept. 30), *reconsideration denied by* 2011 WL 5295215 (S.D. Cal. Nov. 2, 2011).

[2] 28 U.S.C. §§ 1346(b), 2671-80.

[3] Case No. 2:14-cr-00357-APG-VCF, ECF Nos. 309, 424.

4

by existing law to present his allegations of misconduct against Defendants and any other government actors. Because post-deprivation remedies were available to Plaintiff, the Court finds Plaintiff cannot state claims under the Fifth Amendment's Due Process Clause against Defendants.

### III. RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's claims under the Fourth Amendment against Defendants Colin Congo and Christopher McPeak be dismissed without prejudice, with **one more opportunity** for leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff's claims under the Eighth Amendment—analyzed under the Fifth Amendment's Due Process Clause—against Defendants Colin Congo and Christopher McPeak be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to file an amended complaint, he must do so by or before **January 30, 2023**. The amended complaint must be titled "SECOND AMENDED COMPLAINT" and must allege sufficient facts to state a *Bivens* claims against Special Agents Congo and McPeak as explained above. Plaintiff is advised that the amended complaint must be complete in and of itself. Plaintiff must identify all defendants and allege all facts and all causes he asks the Court to review. **This is the final opportunity the Court will allow Plaintiff to state claims**.

IT IS FURTHER RECOMMENDED that at the same time Plaintiff files an amended complaint, Plaintiff **must** file either a complete *in forma pauperis* application on the Court's approved form or pay the $402 filing fee.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to file a complete *in forma pauperis* application or pay the filing fee and/or a second amended complaint by or before **January 30, 2023**, the Court will issue a recommendation of dismissal **without a screening** of an amended complaint.

IT IS FURTHER RECOMMEDED that the Clerk of the Court send Plaintiff the approved form application to proceed *in forma pauperis* by an inmate, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

Dated this 3rd day of January, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn,* 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).