UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN KEITH WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER McPEAK, et al.,<br><br>Defendants. | Case No. 2:22-cv-01406-RFB-EJY<br><br>**REPORT AND RECOMMENDATION**<br>**ECF No. 12** |

Pending before the Court is Plaintiff's Second Amended Complaint (the "SAC"). ECF No. 12. Plaintiff did not file a proper application to proceed *in forma pauperis* despite the Court's Order requiring Plaintiff to do so by January 30, 2023.[1] ECF No. 11 at 5. The Court screens the SAC despite this failure because Plaintiff's claims fail.

**I.  DISCUSSION**

  A.  <u>Plaintiff Asserts Claims Against Immune Defendants</u>.

Plaintiff seeks relief based on alleged wrongdoing by District Judges Andrew Gordon and Jennifer Dorsey, Magistrate Judge Cam Ferenbach, Assistant U.S. Attorneys ("AUSAs") Nadia Ahmed, Kimberly Frayn, and Alexandra Michael, former AUSA Cristina Silva, defense attorneys Telia Williams, Alyssa Bell, and U.S. Probation Officer Shawn Mummy. As previously explained "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judicial immunity applies however erroneous the judicial act may have been, and however injurious in its consequences … may have proved to the plaintiff." *Id.* Therefore, Plaintiff's claims against Judges Gordon, Dorsey, and Ferenbach are recommended for dismissal with prejudice.

With respect to Plaintiff's claims against AUSAs Ahmed, Frayn, and Michael, as well as against former AUSA Silva, these claims also fail. *Kalina v. Fletcher*, 522 U.S. 118, 123-24 (1997);

---

[1]  Plaintiff filed a United States District Court for the Central District of California form entitled "Request to Proceed without Prepayment of Filing Fees with Declaration in Support." ECF No. 12 at 13–17. This is not the form required and sent to Plaintiff for purposes of proceeding *in forma pauperis* in the District of Nevada.

1

*Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts."). Plaintiff's claims against Ms. Ahmed, Ms. Frayn, Ms. Alexandrea, and now-Judge Silva are recommended for dismissal with prejudice.

Regarding Plaintiff's claims against Telia Williams and Alyssa Bell, who were either retained or court-appointed counsel, neither is subject to suit under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 319-22 (1981); *Ellsworth v. Wallace*, Case No. 05-cv-524-JHP-PJC, 2005 WL 2978926, at *4 (N.D. Okla. Nov. 7, 2005). Plaintiff's claims against Ms. Williams and Ms. Bell are recommended for dismissal with prejudice.

Finally, Plaintiff's claims against United States Probation Officer Shawn Mummy also fail. *See e.g., Burns v. Reed*, 500 U.S. 478, 492 (1991); *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1985) (absolute immunity for probation officers acting in a role closely associated with the judicial process). Plaintiff's claims against Mr. Mummy is recommended for dismissal with prejudice.

B.  Plaintiff's *Bivens* Claim Against Special Agent Congo Fails.

Plaintiff alleges that as he was in the process of being arrested when Special Agent Congo took Plaintiff's eight rings valued at $38,000. ECF No. 12 at 8. Plaintiff contends these rings were not listed as property to be seized in the search warrant and their seizure was a violation of his Fourth Amendment rights. *Id*. Plaintiff alleges he has not seen his rings since this event. *Id*.

The Court previously explained that Plaintiff's Fourth Amendment claim against Special Agent Congo must be brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Further, as discussed in the Court's January 3, 2023 Order, Plaintiff's SAC fails because he cannot state a *Bivens* claim. ECF No. 11 at 2-4. Plaintiff's allegations are identical to those the Court previously considered and, as such, Plaintiff fails to satisfy the two-prong test used to determine if a plaintiff may bring an action against the federal official under a *Bivens* extension. *Id*.; *see also Mirmehdi v. U.S.*, 689 F.3d 975, 982 (9th Cir. 2012). Further, even if the Court assumes Plaintiff has a potential *Bivens* claim, he fails to plead sufficient facts under Federal Rule of Civil Procedure 8 to state such a plausible claim on its face. *See* ECF No. 11

2

at 2-3; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court recommends dismissal of Plaintiff's *Bivens* claim against Agent Congo.

### C. Plaintiff's Deprivation of Property Claim Fails.

Plaintiff also asserts an Eighth Amendment claim relating to the deprivation of property which is analyzed under the Fifth Amendment's Due Process Clause. The Due Process Clause under the Fifth Amendment centers on (1) whether there was an unauthorized deprivation of Plaintiff's property at the hands of Defendants and, (2) if so, whether there are post-deprivation remedies available to Plaintiff. *Raditch v. U.S.*, 929 F.2d 478, 480-81 (9th Cir. 1991), *citing Hudson v. Palmer*, 468 U.S. 517, 534 (1984); *see also Panschow v. Murillo*, Case No. 5:19-cv-02446-DSF-AFM, 2020 WL 292182, at *2 (C.D. Cal. Jan. 17, 2020). Plaintiff alleges Defendants either recklessly or negligently misplaced his property, which may satisfy the first prong of the analysis. However, Plaintiff cannot satisfy the second prong of the analysis because the Federal Tort Claims Act ("FTCA") "provides a post-deprivation judicial remedy to persons who believe they were deprived of property at the hands of a federal government official." *Gedeon v. Attorney General*, Case No. 22-cv-3595, 2022 WL 7570749, at *6 (E.D. Pa. Oct. 12, 2022); *Akervik v. Ray*, 24 Fed.Appx. 865, 869 (10th Cir. 2001) (holding that the FTCA is an adequate post-deprivation judicial remedy). Plaintiff had an opportunity to bring an action against the FBI following the alleged deprivation of his property through the FTCA, but there is no indication he did so. Because Plaintiff cannot state a Fifth Amendment deprivation of property claim, the Court recommends this claim be dismissed with prejudice.

### D. Plaintiff's Claims Against Special Agent McPeak Fail.

Plaintiff alleges that Special Agent McPeak committed perjury by giving false testimony before a grand jury, harassing him by obtaining a search warrant unsupported by probable cause, placing a gun to Plaintiff's head during his arrest, and authoring a false complaint. Agent McPeak is shielded by absolute immunity for any grand jury testimony he provided. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985) ("[W]itnesses, including police officers, who testify in judicial proceedings … are integral parts of the judicial process and, accordingly, are shielded by absolute immunity.") (citation omitted). Further, Agent McPeak, an agent with the FBI, is not responsible for nor does he file criminal complaints with the Court. This responsibility falls on federal prosecutors.

The use of a gun while making an arrest must be justified by the circumstances and, depending on the nature of the arrest, may be enough for a law enforcement officer to be liable for a Fourth Amendment violation. *Robinson v. Solano Cnty.*, 278 F.3d 1007, 1014 (9th Cir. 2002). However, in this case, Plaintiff's allegations in support of this claim is based on a single sentence; that is, while Plaintiff was "backing out of the garage McPeak pulled a gun to Plaintiff's head." ECF No. 12 at 8. In the absence of any other factual allegations, this statement is insufficient in and of itself to state a Fourth Amendment violation. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. The Court recommends dismissing this claim without prejudice but without leave to amend.

Finally, Plaintiff alleges Agent McPeak made false statements in an affidavit submitted to obtain an arrest warrant. To state this claim, Plaintiff must show Agent McPeak intentionally or recklessly made the false statements in his affidavit. *United States v. Smith*, 588 F.2d 737, 740 (9th Cir. 1978) ("Omissions or misstatements resulting from negligence or good faith mistakes will not invalidate an affidavit which on its face establishes probable cause"). Plaintiff does not plead any facts supporting intent or recklessness by Agent McPeak. For these reasons, this claim is also recommended for dismissal without prejudice but without leave to amend.

## II.   RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's claims against Defendants Andrew Gordon, Jennifer Dorsey, Cam Ferenbach, Nadia Ahmed, Kimberly Frayn, Alexandra Michael, Cristina Silva, Telia Williams, Alyssa Bell, and Shawn Mummy be dismissed with prejudice. No further pleading filed by Plaintiff is to include claims against these defendants as they are immune from suit.

IT IS FURTHER RECOMMENDED that Plaintiff's Fourth Amendment claim against Defendant Colin Congo be dismissed with prejudice as Plaintiff cannot state a *Bivens* claim.

IT IS FURTHER RECOMMENDED that Plaintiff's claims regarding deprivation of property analyzed under the Fifth Amendment be dismissed with prejudice because Plaintiff cannot state a claim under this theory of law.

IT IS FURTHER RECOMMENDED that Plaintiff's claim against Agent McPeak arising from an alleged false grand jury testimony be dismissed with prejudice because witnesses who testify in judicial proceedings are shielded by absolute immunity.

IT IS FURTHER RECOMMENDED that Plaintiff's claim alleging Agent McPeak filed a false complaint be dismissed with prejudice because Plaintiff cannot state such a claim.

IT IS FURTHER RECOMMENDED that Plaintiff's claims alleging Agent McPeak used a gun when arresting him and made a false statement in an affidavit be dismissed without prejudice, but without leave to amend. While it may, potentially, be possible for Plaintiff to state these claims, Plaintiff has had ample time to do so, as well as the Court's prior Order that explains the law such that Plaintiff could, if such facts were available, have amended his complaint to state a claim. Plaintiff, however, continues to state the same facts as originally alleged.

DATED this 3rd day of March, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).