UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN KEITH WRIGHT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHRISTOPHER McPEAK, *et al.*,<br><br>　　　　Defendants. | Case No. 2:22-cv-01406-RFB-EJY<br><br>**ORDER** |

　　　　Before the Court for consideration are three Order and Report and Recommendations ("R&R") of the Honorable Elayna J. Youchah, United States Magistrate Judge, dated October 26, 2022 (ECF No. 9), January 3, 2023 (ECF No. 11), and March 3, 2023 (ECF No. 13). Plaintiff Brian Keith Wright filed an Objection (ECF No. 15) to the March 3 R&R and a Motion for a Hearing (ECF No. 14). For the reasons explained below, the Court adopts each R&R in full and denies Plaintiff's Objection and Motion.

　　　　The Court begins with the general legal standard applicable to a district judges' review of a magistrate judge's R&R. A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," *de novo*[1] or otherwise, of the report and recommendations of a magistrate judge.

---

[1] *De novo* review simply means a review by one court using the lower court's record but

Thomas v. Arn, 474 U.S. 140, 149 (1985).

Next a brief review of the history of the case is helpful. Mr. Wright filed initiating documents, including a Civil Rights Complaint ("First Complaint") on August 30, 2022. The First Complaint named District Judges and the Clerk of Court for the District of Nevada as well as Assistant U.S. Attorneys and other federal officials. Id. However, Mr. Wright's filing did not include an application to proceed *in forma pauperis* or a filing fee for commencing a civil action. Id. On October 26, 2022, Magistrate Judge Youchah filed a recommendation ("First R&R") recommending dismissal of each claim and providing leave to file an amended complaint on one claim by November 30, 2022. ECF No. 9. Mr. Wright did not object and filed an untimely First Amended Complaint ("Second Complaint"). ECF No. 10. On January 3, 2023, Judge Youchah filed a recommendation ("Second R&R") where she screened the Second Complaint, found potentially meritorious claims, and provided Mr. Wright an opportunity file an amended complaint to correctly state those claims. ECF No. 11. On January 19, 2023, Mr. Wright timely filed his Second Amended Complaint ("Third Complaint"). On March 3, 2023, Judge Youchah issued a third recommendation ("Third R&R") in which she noted Plaintiff has failed to file *in forma pauperis* and that the Third Complaint still failed to state a claim that could proceed.[2] ECF No. 13. The Third R&R recommends dismissal. Id. Mr. Wright timely objected and requested a hearing. ECF Nos. 14, 15.

With that background, the Court turns to the R&Rs themselves as well as Plaintiff's Objection and Motion. Mr. Wright did not file an objection to the First and Second R&Rs. The Court has reviewed the record in this case and concurs with Judge Youchah's recommendations in both R&Rs adopts both in full. As Mr. Wright filed a timely written objection, the Court now reviews the Third R&R *de novo*.

The Third R&R screened the Third Complaint. In that Complaint, Mr. Wright alleges violations from two groups of people. First, he seeks 42 U.S.C. § 1983 relief based on alleged

---

reviewing the evidence and the law without deference to the lower court's findings and rulings. See Appeal, Black's Law Dictionary (11th ed. 2019).

[2] While ultimately settling this order on different grounds, the Court finds from the record that Mr. Wright has failed to file an Application to Proceed *in forma pauperis*, despite multiple orders to do so.

wrongdoing by various District and Magistrate Judges, current and former Assistant U.S. Attorneys ("AUSAs"), defense attorneys, and a U.S. Probation Officer (together "Judicial Process Defendants"). Second, he seeks relief against a variety of federal agents. He seeks relief against F.B.I. Special Agent Congo for wrongfully taking his property, against federal agents because his property was misplaced in violation of the Eighth Amendment, and against Special Agent McPeak for several claims related to Agent McPeaks alleged conduct during and after his arrest.

In the Third R&R, Judge Youchah explained that the Judicial Process Defendants are immune to suit and provided citations to, among other cases, Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (explaining absolute judicial immunity), Kalina v. Fletcher, 522 U.S. 118, 123-24 (1997) (explaining absolute prosecutorial immunity), Polk County v. Dodson, 454 U.S. 312, 319-22 (1981) (explaining public and private defense counsel are unable to be sued under § 1983), and Burns v. Reed, 500 U.S. 478, 492 (1991) (explaining immunity for probation officers in such roles). As each of the Judicial Process Defendants was immune from suit, Judge Youchah recommended dismissing the claims against them with prejudice. Next, Judge Youchah recommended dismissing the Bivens claim against Agent Congo for failing to satisfy the two-part *Bivens* extension test. See Mirmehdi v. U.S., 689 F.3d 975, 982 (9th Cir. 2012); Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Third, Judge Youchah recommended dismissing Plaintiffs Eighth Amendment property claim on the basis that the Federal Tort Claim Act is an available remedy. Finally, Judge Youchah recommended dismissal of the claims against McPeak because he was either covered under absolute immunity or are insufficiently supported.

In his Objection, Mr. Wright makes three objections: (1) that the Judicial Process Defendants could be sued in their individual capacities and (2) that the Third Complaint, liberally construed, is factually sufficient.[3] The Court now considers both.

First, Mr. Wright argues that immunity should not bar his claims against the Judicial

---

[3] The Court notes that Mr. Wright also argues at length that Judge Youchah should recuse herself. Without making any comment on the merits of the arguments, the Court notes that these concerns should not be brought in an Objection to a Report and Recommendation but, rather, in a separate Motion for Recusal.

Process Defendants because he is suing them in their individual capacities not their official capacities. As part of this, Mr. Wright explains his allegations involve individual actions of conspiracy using their positions.

The distinction Mr. Wright seeks to assert as to a difference between individual capacity suits and official capacity suits is unavailing in this case. In general, judges and prosecutors are entitled to absolute immunity from Section 1983 liability for actions taken within the scope of their official duties. Olsen v. Idaho State Board of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) (citing Stump v. Sparkman, 435 U.S. 349, 364 (1978)); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). Importantly, "scope of their official duties" does not mean for suits against them in their "official capacity" but, rather, that the actions at issue were functions of their official position—even allegedly unlawful acts. See Imbler, 424 U.S. 409 (holding a state prosecutor who allegedly knowingly used perjured testimony and suppressed material evidence at trial, resulting in a conviction, was absolutely immune from suit). Thus, the application of the immunity turns on the nature of the alleged conduct by a judicial officer or prosecutor and not whether they are formally sued in their 'official' versus 'individual' capacity. Id. When performing judicial functions, like those alleged here, defense counsel and probation officers have absolute immunity. Dodson, 454 U.S. at 319-22; Burns, 500 U.S. at 492. Because each Judicial Process Defendant falls are immune to suit or otherwise unable to be sued under 42 U.S.C. § 1983, the Court agrees with Judge Youchah's analysis and finds Mr. Wright's first objection presents no cause to change course.

Mr. Wright's second objection is that Judge Youchah misevaluated the weight of his allegations. *Pro se* filings should be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). As discussed above, Mr. Wright cannot state a claim against the Judicial Process Defendants. Next, for his Bivens claim against Agent Congo to proceed, Mr. Wright must satisfy the two-step Wilkie analysis. Wilkie v. Robbins, 551 U.S. 537 (2007); see also Mirmehdi, 689 F.3d at 982. Because Mr. Wright has not shown that he has exhausted "any alternative, existing process for protecting the interests," Wilkie, 551 U.S. at 537, his Bivens claim against Congo cannot proceed as pleaded. Similarly, Plaintiff's deprivation of property claim fails because he has failed to plead sufficient facts to show he has exhausted alternative post-deprivation

remedies. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Raditch v. U.S., 929 F.3d 478, 480-81 (9th Cir. 1991). Finally, Plaintiff's claims against Agent McPeak fail for the reasons identified by Judge Youchah. Agent McPeak's testimony before the grand jury is covered by absolute immunity. See Cleavinger v. Saxner, 474 U.S. 193, 200 (1985). Regarding his remaining claims against Agent McPeak, Mr. Wright fails to provide sufficient factual matter.[4] See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . .") (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Therefore, on an independent, *de novo* review, the Court finds no reason to sustain Mr. Wright's second basis for objecting to the Third R&R.

In sum, the Court agrees with and adopts the Third R&R in full. As all claims are dismissed, the Court dismisses Mr. Wright's Motion for a Hearing as moot. For Mr. Wright's benefit, as he is acting *pro se*, in affirming the Third R&R, not all his claims are dismissed with prejudice. Those claims dismissed without prejudice may be able to be brought in a future action if pleaded sufficiently.

Therefore, for the foregoing reasons, **IT IS ORDERED** that the Report and Recommendations of the Magistrate Judge (ECF Nos. 9, 11, 13) are ADOPTED in full. Plaintiff's Objection (ECF No. 15) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Hearing (ECF No. 14) 3is DENIED as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court will close the case.

///

///

///

---

[4] In the R&Rs, Judge Youchah identified several factual bases that would need amendment, and, on *de novo* review, the Court agrees with these. For example, Mr. Wright needs to do more than simply allege a gun was wrongfully pointed at him during his arrest, he must plead sufficient factual bases to find a Fourth Amendment violation. See, e.g., Robinson v. Solano Cnty., 278 F.3d 1007, 1014 (9th Cir. 2012) (explaining the importance of the circumstances and nature of the arrest in the Fourth Amendment analysis).

**IT IS FURTHER ORDERED** that the Clerk of Court will provide Plaintiff Brian Keith Wright with a physical copy of the Court's Order.

**DATED:** January 16, 2024.

  _____
  **RICHARD F. BOULWARE, II**
  **UNITED STATES DISTRICT JUDGE**